UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

UNITED STATES OF AMERICA
  and STATE OF NEW HAMPSHIRE
DEPARTMENT OF ENVIRONMENTAL
SERVICES,

                Plaintiffs,

     v.

FORT JAMES LLC, GEORGIA-PACIFIC
CONSUMER PRODUCTS LP, and NORTH
AMERICAN DISMANTLING CORP.,

                Defendants.

_____

**COMPLAINT**

Civil No. 22-cv-395

The United States of America, by the authority of the Attorney General of the United

States, acting on behalf of and the Regional Administrator of the U.S. Environmental Protection

Agency ("EPA"), Region 1, and the State of New Hampshire Department of Environmental

Services through the Office of the Attorney General allege as follows:

## NATURE OF THE ACTION

1.     In this action, the United States seeks, under sections 106 and 107 of the

Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") from

Fort James LLC ("Fort James"), Georgia-Pacific Consumer Products LP ("Georgia-Pacific"),

and North American Dismantling Corp. ("NADC"): (a) reimbursement of costs incurred by EPA

and the Department of Justice ("DOJ") for response actions at the Chlor-Alkali Facility (Former)

Superfund Site in Berlin, New Hampshire ("Site"); and (b) performance by the defendants of a

response action at the Site consistent with the National Contingency Plan, 40 C.F.R. part 300

("NCP").

2.      In this action, the State of New Hampshire ("State") seeks, under section 107 of CERCLA and under N.H. Revised Statutes Annotated ch. 147-A and 147-B, a declaratory judgment that defendants Fort James and Georgia-Pacific are jointly and severally liable for Site contamination and for the costs incurred by the State related to any future response actions at the Site.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action and over the defendants under 28 U.S.C. §§ 1331, 1367, and 1345 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

4.      Venue is proper in this judicial district for the claims pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## DEFENDANTS

5.      Fort James is a Virginia limited liability company. Georgia-Pacific is a Delaware limited partnership. NADC is a Michigan corporation. Fort James, Georgia-Pacific, and NADC are "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## THE STATUTORY FRAMEWORK

6.      CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a), 9601(25).

7.      Under section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1):

Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment . . .

8.      For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority. In EPA Region 1, this authority has been further delegated to the Director of the Superfund and Emergency Response Division.

9.      Under section 106 of CERCLA, 42 U.S.C. § 9606:

[W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may secure such relief as may be necessary to abate such danger or threat …

10.     Under sections 107(a)(1) and (2) of CERCLA, 42 U.S.C. §§ 9607(a)(1) and (2):

[T]he owner and operator of a vessel or a facility … and any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of … shall be liable for … all costs of removal or remedial action incurred by the United States Government or a State … not inconsistent with the national contingency plan …

11.     Under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the court shall enter a declaratory judgment on liability for response costs that will be binding on any subsequent action or actions to recover further response costs.

12.     New Hampshire Revised Statutes Annotated ch. 147-A, "Hazardous Waste Management" and ch. 147-B, "Hazardous Waste Cleanup Fund," were both enacted in 1981.

13.    RSA 147-A:9 provides for strict liability of:

any owner, operator, generator, or transporter who causes or suffers the treatment, storage, transportation or disposal of hazardous waste in violation of RSA 147-A or rules adopted or permits issued under RSA 147-A…[and] shall be strictly liable for costs directly or indirectly resulting from the violation relating to: (a) Containment of hazardous wastes; (b) Necessary cleanup and restoration of the site and the surrounding environment; and (c) Removal of the hazardous wastes.

14.    RSA 147-B:10, I provides, in pertinent part, that:

[s]ubject only to the defenses set forth in RSA 147-B:10-a and the exclusions and limitations set forth in RSA 147-B:10, IV and V, any person who: (a) Owns or operates a facility; (b) Owned or operated a facility at the time hazardous waste or hazardous materials were disposed there…shall be strictly liable for all costs incurred by the state in responding to a release or threatened release of hazardous waste or hazardous material at or from the facility as specified in paragraph II.

15.    RSA 147-B:10, II continues that:

[c]osts recoverable by the state under paragraph I shall include all costs relating to: (a) Containment of the hazardous wastes or hazardous materials. (b) Necessary cleanup and restoration of the site and the surrounding environment. (c) Removal of the hazardous wastes or hazardous materials. (d) Such actions as may be necessary to monitor, assess and evaluate the release or threat of release of a hazardous waste or hazardous material; or to mitigate damage to the public health or welfare that may otherwise result from a release or threat of release.

16.    Both RSA 147-A and RSA 147-B define "person," in relevant part, as "any individual, trust, firm, joint stock company, corporation (including a government corporation), partnership, [or] association…."  RSA 147-A:2, XII; RSA 147-B:2, IX.

## GENERAL ALLEGATIONS

17.    The Site is located in Berlin, New Hampshire, and comprises approximately 41.6 acres.

18.    Brown Company was, from the early 1900's until approximately 1980, the owner and operator of an extensive industrial complex along the Androscoggin River in Berlin and

Gorham, New Hampshire. This complex originally comprised approximately 130 acres. At this complex, Brown Company manufactured, among other things, pulp and paper products, chemical resistant pipes, electrical conduit, and chemicals such as chlorine, sodium hydroxide, and insecticides.

19.      In connection with its various manufacturing processes, Brown Company used or created hazardous substances including dioxins and furans, polyaromatic hydrocarbons, metals such as lead, mercury, and arsenic, and volatile organic compounds ("VOCs") such as carbon tetrachloride and chloroform. Brown Company disposed of these hazardous substances and wastes containing these hazardous substances at the complex and into the Androscoggin River.

20.      Companies that were successors to Brown Company owned and continued to operate the industrial complex from 1980 to 1995. Hazardous substances like those described in Paragraph 19 were disposed of at the complex while these successors owned and operated the Site.

21.      The  EPA later designated a 41.6-acre portion of the original 130-acre complex as the Site. The Site is contaminated with dioxins and furans, polyaromatic hydrocarbons, metals such as lead, mercury, and arsenic, and VOCs such as carbon tetrachloride and chloroform.

22.      Fort James and Georgia-Pacific are successors to Brown Company and to the other companies described in Paragraph 20.

23.      NADC is the current owner of two portions of the Site known as the Southern Facility Study Area and Eastern Facility Study Area.

24.      In 2005, EPA placed the Site on the National Priorities List, 40 C.F.R. Part 300, Appendix B ("NPL"), which is a national list of hazardous waste sites posing a threat to human

health and welfare and the environment. The NPL was established pursuant to

Section 105(a)(8)(B) of CERCLA, 42 U.S.C. § 9605(a)(8)(B).

     25.     EPA has conducted response actions and incurred costs regarding the Site. In

2020, EPA issued a "Record of Decision" ("ROD") which, among other things, selected a

remedy to be conducted at the Site.

**First Claim for Relief – United States' Claim for Past Costs**

     26.     Paragraphs 1 to 25 are realleged and incorporated herein by reference.

     27.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA,

42 U.S.C. § 9601(9).

     28.     There have been releases, within the meaning of Section 101(22) of CERCLA,

42 U.S.C. § 9601(22), and threatened releases, of hazardous substances, within the meaning of

Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14), at or from the Site.

     29.     The United States has incurred costs of response, within the meaning of

Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), to respond to the releases or threatened

releases of hazardous substances at the Site.

     30.     The United States' response actions at the Site are not inconsistent with the

National Contingency Plan, 40 C.F.R. Part 300.

     31.     Fort James and Georgia-Pacific are liable under 107(a)(2) of CERCLA, 42 U.S.C.

§ 9607(a)(2), as persons who were owners or operators of the facility at the time that hazardous

substances were disposed of there.

     32.     NADC is liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), as

a person who is an owner or operator of the facility.

6

33.     Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the defendants are jointly and severally liable to the United States for response costs regarding the Site.

**Second Claim for Relief -- United States' Claim for Injunctive Relief**

34.     Paragraphs 1 to 25 are realleged and incorporated herein by reference.

35.     The President, through his delegate, the Regional Administrator of EPA Region I, has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of a release of hazardous substances or a threatened release of hazardous substances at and from the Site.

36.     Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), authorizes the United States to bring an action to secure such relief as may be necessary to abate the danger or threat to the public health or welfare or the environment because of the actual or threatened release of a hazardous substance at the Site.

37.     Pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the defendants are liable to the United States for relief, including injunctive relief, as may be necessary to abate the actual or threatened release of hazardous substances at the Site.

**Third Claim for Relief – State Claim for Declaratory Judgment**

38.     Paragraphs 1 to 25 are realleged and incorporated herein by reference.

39.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), N.H. RSA 147-A:2, IV and N.H. RSA 147-B:2, IX.

40.     There have been discharges, disposals, and releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases, of hazardous substances and hazardous wastes, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. §§ 9601(14) and N.H. RSA 147-A and N.H. RSA 147-B, at or from the Site.

41.     The State expects that it will incur additional response costs in the future in connection with the Site.

42.     Under Section 107(a), N.H. RSA 147-A:9, and N.H. RSA 147-B:10, I-II, Georgia-Pacific and Fort James are jointly, severally, and strictly liable as persons who were owners or operators of the facility at the time that hazardous substances and hazardous wastes were disposed of there.  They are liable for Site contamination and to the State for all response costs the State may incur in the future in connection with the Site that are not inconsistent with the NCP, including enforcement costs and interest on costs.

43.     In accordance with Section 107(a) and Section 113(g)(2) and pursuant to N.H. RSA 147-A and N.H. RSA 147-B, the State is entitled to a declaratory judgment that Georgia-Pacific and Fort James are jointly and severally liable for Site contamination and to the State for any future response costs incurred by the State in connection with the Site.

## PRAYER FOR RELIEF

WHEREFORE:

a.     Plaintiff the United States respectfully requests that this Court: (i) enjoin the defendants, pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), jointly and severally, to perform EPA's selected remedy for the Site; and (ii) enter judgment in favor of the United States under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding each defendant jointly and severally liable for all response costs regarding the Site, including interest; (iii) enter a declaratory judgment that will be binding in any subsequent action for further response costs, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2).

b.     Plaintiff the State respectfully requests that this Court enter a declaratory judgment under section 107 and 113(g)(2) of CERCLA and under N.H. Revised Statutes

Annotated ch. 147-A and 147-B that defendants Fort James and Georgia-Pacific are jointly and severally liable for Site contamination and for the costs incurred by the State related to any future response actions at the Site.

      c.      Plaintiffs the United States and the State respectfully request that this Court (i) award the United States and the State their costs of this action; and (ii) grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

**FOR THE UNITED STATES**:

Todd Kim
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

*/s/ Mark Gallagher*
Mark A. Gallagher
U.S. Department of Justice
Environmental and Natural Resources Division
Environmental Enforcement Section
Washington, DC  20044-7611
(202) 514-5405
mark.gallagher@usdoj.gov

Jay McCormack
First Assistant United States Attorney
District of New Hampshire
Acting under Authority Conferred by 28 U.S.C. § 515

Raphael Katz
Assistant United States Attorney
District of New Hampshire
53 Pleasant Street, 4th Floor
Concord, NH  03301

Of Counsel:

Ronald A. González
Senior Enforcement Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 1
5 Post Office Square, Suite 100 (ORC 04-3)
Boston, MA 02109-3912


**FOR THE STATE OF NEW HAMPSHIRE
DEPARTMENT OF ENVIRONMENTAL SERVICES**:

BY ITS ATTORNEY,

THE OFFICE OF THE ATTORNEY GENERAL


_____*/s/ Joshua Harrison*_____
Joshua C. Harrison, Bar #269564
Assistant Attorney General
Environmental Protection Bureau
New Hampshire Department of Justice
Office of the Attorney General
33 Capitol Street
Concord, New Hampshire 03301